IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                      No. CIV 15-0804 JH/SCY
                                                                 CR 12-0712 JH

ERNEST BRIAN TUCKER,

    Defendant.

MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendant's Motion To Dismiss Indictment and Judgment (CV Doc. 1; CR Doc. 71) filed on September 10, 2015. At page 6 of the motion, Defendant invokes rule 60(b)(4) of the Federal Rules of Civil Procedure as the procedural basis for his motion. Defendant asserts that serious procedural defects in the grand jury process violated his Due Process rights, and, as a result, the indictment and criminal judgment against him are void. For reasons set out below, the motion will be denied.

On March 5, 2013, the Court entered judgment (CR Doc. 63) on Defendant's conviction and sentence. No appeal was filed, and Defendant's conviction thus became final, at the latest, in mid-March, 2013, fourteen days after entry of judgment. *See United States v. Garcia-Roman*, 466 F. App'x 750, 750 (10th Cir. 2012). Approximately thirty months later, on September 10, 2015, Defendant filed this motion under rule 60(b)(4).

The relief that Defendant seeks, if available, must be pursued under 28 U.S.C. § 2255. Initially, of course, civil rule 60(b)(4) provides no authority for a collateral attack on a criminal judgment. *See United States v. Edge*, 315 F. App'x 92, 94-95 (10th Cir. 2009). The terms of § 2255 provide the exclusive avenue for an attack on a federal criminal conviction or sentence, *see Baker v. Sheriff of Santa Fe County*, 477 F.2d 118, 119 (10th Cir. 1973); *Williams v. United States*,

323 F.2d 672, 673 (10th Cir. 1963) ("[§ 2255] "supplants habeas corpus")[1], and Defendant's pro se characterization of his claims is not dispositive, *see Roman-Nose v. New Mexico Dep't of Human Serv.*, 967 F.2d 435, 436-37 (10th Cir. 1992).

Furthermore, as stated by the Court of Appeals for the Tenth Circuit, "We have repeatedly held that a motion to dismiss an indictment, pursuant to [former] Fed. R. Crim. P. 12(b)(2), must be filed before final judgment; after that time a pleading challenging the adequacy of an indictment is properly deemed a § 2255 motion." *United States v. Preciado-Quinonez*, 53 F. App'x 6, 7 (10th Cir. 2002). The Court of Appeals for the Tenth Circuit also has "rejected, without considering the merits, a 'post-judgment challenge to the indictment within a § 2255 motion because it was untimely.'" *United States v. Velasco*, 576 F. App'x 824, 826 (10th Cir. 2014) (citing *United States v. Tony*, 637 F.3d 1153, 1159 (10th Cir. 2011)). Here, Defendant contends, with no factual support, that his conviction was obtained by prosecutorial or judicial vindictiveness. These claims are expressly contemplated by § 2255; relief is available where "the sentence was imposed in violation of the Constitution or laws of the United States." § 2255(a).

The Court finds that Defendant's motion may be adjudicated only as a § 2255 motion, notwithstanding its current designation, because of the nature of the relief sought. In this circumstance the Court may, but is not required to, recharacterize Defendant's motion to dismiss as a § 2255 motion. As the Court of Appeals for the Tenth Circuit has noted, a district court does not abuse its discretion in declining to recast a pleading as a § 2255 motion when relief "would, at least facially, 'be barred as untimely.'" *United States v. Valadez-Camarena*, 402 F.3d 1259, 1261 (10th Cir. 2005) (citation omitted). Approximately two and one-half years have passed

---

1 A writ of habeas corpus may be sought if § 2255 is "inadequate or ineffective," *Williams*, 323 F.2d at 673 (10th Cir. 1963), and the writ of error coram nobis remains available to a defendant who is not in custody. *United States v. Hernandez*, 94 F.3d 606, 613 n. 5 (10th Cir. 1996).

2

since Defendant's judgment became final.  *See* § 2255(f) (limiting time for filing motion to one year).  Defendant's motion to dismiss indictment and judgment will be denied.

IT IS THEREFORE ORDERED that Defendant's Motion To Dismiss Indictment and Judgment (CV Doc. 1; CR Doc. 71) filed on September 10, 2015, is DENIED; pending motions (CR Docs. 67, 68) are DENIED as moot; and judgment will be entered.

_____
UNITED STATES DISTRICT JUDGE