**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

UNITED STATES OF AMERICA,

   Plaintiff,

    v.                                                                                                                        No. 1:15-CV-00804-JCH-SCY
                                                                                                                        No. 1:12-CR-00712-JCH

ERNEST BRIAN TUCKER,

   Defendant.

## MEMORANDUM OPINION AND ORDER TO SHOW CAUSE

This matter is before the Court on Defendant Ernest Brian Tucker's Pro-Se Motion To Reverse "Void" Federal Judgment/Conviction To Correct "Manifest Injustice" and/or Plain Error Pursuant to Fed. R. Crim. P. Rule 52(b) [CV Doc. 19; CR Doc. 87], which was docketed in both the civil and criminal cases as a Motion For Reconsideration of the dismissal of Defendant's Motion To Dismiss Indictment and Judgment [CV Doc. 1; CR Doc. 71]. Also before the Court is Defendant's Pro-Se Objection as to this Court's Recharacterization of Defendant's Motion for Relief to 28 U.S.C. § 2255 Petition (1:15-cv-00804-JCH-SCY Document # 19, Filed 06/13/2016) [CV Doc. 20; CR Doc. 88], which was docketed in both the civil and criminal cases as an objection to the Court's order denying Defendant's motions to dismiss [CV Doc. 18; CR Doc. 86]. For the reasons set out below, the Court concludes that Defendant's Pro-Se Motion To Reverse "Void" Federal Judgment/Conviction To Correct "Manifest Injustice" and/or Plain Error Pursuant to Fed. R. Crim. P. Rule 52(b) [CV Doc. 19; CR Doc. 87] improperly was docketed as a motion for reconsideration and, therefore, will direct the Clerk of the Court to correct the docket to reflect that Defendant's motion should have been docketed in the criminal case only as a Pro-Se Motion To

Reverse "Void" Federal Judgment/Conviction To Correct "Manifest Injustice" and/or Plain Error Pursuant to Fed. R. Crim. P. Rule 52(b).  The Court will dismiss Defendant's Pro Se Motion because a proceeding under 28 U.S.C. § 2255 is the exclusive remedy for challenging the validity of Defendant's criminal conviction and sentence in No. 12-CR-00712-JCH.  Lastly, because this is Defendant's second post-judgment motion challenging the validity of Defendant's criminal conviction and sentence in No. 12-CR-00712-JCH that seeks to avoid the limitations imposed by § 2255, and because Defendant has a history of abusive filings, the Court will order Defendant to show cause, within thirty (30) days of the date of this Order, why filing restrictions should not be imposed.

Defendant pleaded guilty to Count 2 of the Indictment charging him with receipt of a visual depiction of minors engaged in sexually explicit conduct in violation of 18 U.S.C. §§ 2252(a)(2), 2252(b)(1), 2256.  [CR Doc. 63]  The Court sentenced Defendant to the custody of the United States Bureau of Prisons to be imprisoned for a total term of 97 months, followed by 15 years of supervised release.  [CR Doc. 63]  The Court rendered judgment on Defendant's conviction and sentence on March 5, 2013.  [CR Doc. 63]  No appeal was filed and, therefore, Defendant's conviction and sentence became final fourteen days after the entry of judgment.  *See United States v. Prows*, 448 F.3d 1223, 1227-28 (10th Cir. 2006) ("If the defendant does not file an appeal, the criminal conviction becomes final upon the expiration of the time in which to take a direct criminal appeal."); Fed. R. App. Proc. 4(b)(1)(A)(i) ("In a criminal case, a defendnat's notice of appeal must be filed in the district court within 14 days after the later of . . . the entry of . . . the judgment . . .").

On September 10, 2015, Defendant filed a Motion To Dismiss Indictment and Judgment Pursuant to FRCRIMP 60(b)(4) and Memorandum of Law In Support Thereof [CV Doc. 1; CR

2

Doc. 71], which was docketed as a Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255.  In a Memorandum Opinion and Order dated October 2, 2015, the Court noted that "[t]he relief that Defendant seeks, if available, must be pursued under 28 U.S.C. § 2255" because "[t]he terms of § 2255 provide the exclusive avenue for an attack on a federal criminal conviction or sentence." [CV Doc. 2; CR Doc. 72]  However, the Court declined to recharacterize Defendant's motion as a § 2255 motion, because "[a]pproximately two and one-half years have passed since Defendant's judgment became final" and, therefore, a § 2255 motion would be untimely. [*Id.*]  Accordingly, the Court denied Defendant's Motion To Dismiss Indictment and Judgment Pursuant to FRCRIMP 60(b)(4) and Memorandum of Law In Support Thereof and entered final judgment. [*Id.*]

Defendant filed a Notice of Appeal in the United States Court of Appeals for the Tenth Circuit, which denied a certificate of appealability and dismissed the appeal.[1] [CV Doc. 17; CR Doc. 85]  While Defendant's appeal was pending, he filed an Initial Appearance of Quo Warranto challenging the undersigned judge's authority to preside over Defendant's criminal and civil cases [CV Doc. 6; CR Doc. 78] and a Motion to Expedite [CV Doc. 11; CR Doc. 79], both of which this Court dismissed for lack of jurisdiction. [CV Doc. 12; CR Doc. 81]  Additionally, Defendant filed two motions to dismiss [CV Docs. 13 and 15; CR Docs. 82 and 84], which this Court denied "[b]ecause final judgment has been entered, Defendant's Initial Appearance of Quo Warranto has been dismissed, and this case is closed." [CV Doc. 18; CR Doc. 86]

---

[1] Although this Court expressly declined to recharacterize Defendant's  Motion To Dismiss Indictment and Judgment Pursuant to FRCRIMP 60(b)(4) and Memorandum of Law In Support Thereof as a § 2255 motion, the United States Court of Appeals for the Tenth Circuit stated in its opinion that this Court had recharacterized Defendant's motion. [Doc. 17-1]  Regardless, even if the Court had recharacterized Defendant's motion *sua sponte*, "this motion should not be considered Tucker's initial § 2255 motion for purposes of determining whether future motions are 'second or successive'" because this Court "did not notify Tucker of its intent to recharacterize it." [Doc. 17-1 at 3 n.4 (citing *Castro v. United States*, 540 U.S. 375, 383 (2003)).

On June 27, 2016, Defendant filed the present Pro-Se Motion To Reverse "Void" Federal Judgment/Conviction To Correct "Manifest Injustice" and/or Plain Error Pursuant to Fed. R. Crim. P. Rule 52(b) [CV Doc. 19; CR Doc. 87], which was docketed in both the civil and criminal cases as a motion for reconsideration.   In his motion, Defendant asks the Court to reverse his criminal conviction "in the interest of fundamental fairness and justice, to correct a 'MANIFEST INJUSTICE.'"   [CV Doc. 19; CR Doc. 87]   Specifically, Defendant contends that he "pled guilty in front of a Magistrate Judge . . . in contravention to the United States Code," "the district court judge did not accept the guilty plea properly," and he was unlawfully entrapped by the government, which "has been found to be operating child porn web-sites in order to entrap citizens."   [CV Doc. 19 at 6-8; CR Doc. 87 at 6-8]   Defendant also contends that his trial counsel was ineffective, his guilty plea was not entered knowingly and voluntarily, and that the Court lacked subject matter jurisdiction because the Government failed to allege or prove that the unlawful images traveled in interstate commerce.   Defendant alleges that these errors resulted in plain error and manifest injustice under Fed. R. Crim P. 52 and asks the Court to reverse the judgment of conviction and return him to his family.   [CV Doc. 19 at 19-20; CR Doc. 87 at 19-20]

On June 27, 2016, Defendant filed Defendant's Pro-Se Objection as to this Court's Recharacterization of Defendant's Motion for Relief to 28 U.S.C. § 2255 Petition (1:15-cv-00804-JCH-SCY Document # 19, Filed 06/13/2016) [CV Doc. 20; CR Doc. 88], which was docketed in both the civil and criminal cases as an objection to the Court's order denying Defendant's motions to dismiss.   It appears that Defendant objects to the "recharacterization" of his Pro-Se Motion To Reverse "Void" Federal Judgment/Conviction To Correct "Manifest Injustice" and/or Plain Error Pursuant to Fed. R. Crim. P. Rule 52(b) as a motion to reconsider in the civil case.   Defendant states that he filed his motion for relief pursuant to Fed. R. Crim. P. 52

based on plain error and "requests that his motion be properly adjudicated under his criminal case number, as the civil case is not the proper vehicle to address his claims." [CV Doc. 20 at 2; CR Doc. 88 at 2]

The Court agrees with Defendant that his Pro-Se Motion To Reverse "Void" Federal Judgment/Conviction To Correct "Manifest Injustice" and/or Plain Error Pursuant to Fed. R. Crim. P. Rule 52(b) improperly was docketed as a motion for reconsideration in the civil case. Nothing in Defendant's motion seeks reconsideration of the Court's Memorandum Opinion and Order dismissing his Motion To Dismiss Indictment and Judgment. Instead, Defendant has filed a new motion challenging the validity of his criminal conviction on the basis of Fed. R. Crim P. 52. Therefore, the Clerk of the Court will be directed to mark this motion as "FILED IN ERROR" in the civil case (15-CV-804-JCH-SCY) and to change the docket in the criminal case (12-CR-00712-JCH) to reflect that this motion is not a "Motion For Reconsideration," but rather "Defendant's Pro-Se Motion To Reverse 'Void' Federal Judgment/Conviction To Correct 'Manifest Injustice' and/or Plain Error Pursuant to Fed. R. Crim. P. Rule 52(b)."

Turning to the merits of Defendant's Pro Se Motion, the Court notes that the plain error standard under Fed. R. Crim. P. 52 is "intended for use on direct appeal" and, therefore, is inapplicable "when a prisoner launches a collateral attack against a criminal conviction after society's legitimate interest in the finality of the judgment has been perfected by the expiration of the time allowed for direct review or by the affirmance of the conviction on appeal." *United States v. Frady*, 456 U.S. 152, 164 (1982). As Defendant previously has been informed, "[t]he terms of § 2255 provide the *exclusive avenue* for an attack on a federal criminal conviction or sentence." [CV Doc. 2; CR Doc. 72 (emphasis added) (citing *Baker v. Sheriff of Santa Fe County*, 477 F.2d 118, 1198 (10th Cir. 1973); *Williams v. United States*, 323 F.2d 672, 673 (10th Cir.

1963)]  Although a § 2255 motion would be time-barred, "[t]he temporal limits on bringing § 2255 motions cannot be circumvented by dressing up such a motion as a Rule 52(b) motion." *United States v. Lehi*, 208 F. App'x 672, 674 (10th Cir. 2006) (unpublished).

In his Pro Se Motion, Defendant also seeks to proceed via a writ of *coram nobis*. [CV Doc. 19 at 2; CR Doc. 87 at 2]  However, "a prisoner may not challenge a sentence or conviction for which he is currently in custody through a writ of *coram nobis*."  *United States v. Torres*, 282 F.3d 1241, 1245 (10th Cir. 2002).  Even if Defendant were not in custody on the challenged conviction, he is not entitled to relief under the writ of *coram nobis* "unless relief under 28 U.S.C. § 2255 was unavailable or would have been inadequate."  *United States v. Payne*, 644 F.3d 1111, 1112 (10th Cir. 2011).  In determining whether relief under § 2255 is unavailable or inadequate, "[i]t is irrelevant that a § 2255 motion would have been untimely by the time he filed his petition for writ of *coram nobis*."  *Id.* at 1113.

The relief Defendant seeks exclusively is available, if at all, under § 2255.  *See Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996) ("The exclusive remedy for testing the validity of a judgment and sentence, unless it is inadequate or ineffective, is that provided for in 28 U.S.C. § 2255.").  However, Defendant objects to the recharacterization of his Pro Se Motion as a § 2255 motion [CV Doc. 20; CR Doc. 88] and a district court does not abuse its discretion in declining to recharacterize a pro se pleading as a § 2255 motion when relief "at least facially, [would] be barred as untimely."  *United States v. Valadez-Camarena*, 402 F.3d 1259, 1261 (10th Cir. 2005) (internal quotation marks and citation omitted).  Defendant's conviction became final more than three years prior to the filing of his Pro Se Motion and, therefore, relief under § 2255 would be time-barred.  S*ee* § 2255(f)(1) ("A 1-year period of limitation shall apply to a motion under this section.  The limitation period shall run from . . . the date on which the judgment of conviction

becomes final"). Accordingly, the Court will decline to recharacterize Defendant's Pro Se Motion as a § 2255 motion and will dismiss the motion without prejudice to his rights to proceed under § 2255.

This is Defendant's second motion seeking to challenge the validity of his criminal conviction in No. 12-CR-00712-JCH and seeking to avoid the limitations imposed by 28 U.S.C. § 2255. [*See* CV Docs. 1, 19; CR Docs. 71, 87] Additionally, Defendant has filed various frivolous motions, challenging the undersigned Judge's authority to preside over his criminal and civil cases. [*See* CV Docs. 6, 11, 13, 15; CR Docs. 78, 79, 82, 84] Defendant previously has been informed that "[t]he exclusive remedy for testing the validity of a judgment and sentence, unless it is inadequate or ineffective, is that provided for in 28 U.S.C. § 2255." *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996) [*See* CV Doc. 2; CR Doc. 72]. Defendant's filings indicate that he is well-aware aware "that a 28 U.S.C. § 2255 motion filed after the one year expiration date is untimely." [CV Doc. 20 at 1-2; CR Doc. 88 at 1-2]; *see* § 2255(f)(1). Nonetheless, Defendant seeks to avoid the limitations imposed by § 2255 by characterizing his filings as motions pursuant to Fed. R. Civ. P. 60(b), Fed. R. Crim. P. 52, or the writ of *coram nobis*. [*See* CV Docs. 1, 6, 19; CR Docs. 71, 78, 87]

"[T]he right of access to the courts is neither absolute nor unconditional, and there is no constitutional right of access to the courts to prosecute an action that is frivolous or malicious." *Tripati v. Beaman*, 878 F.2d 351, 353 (10th Cir. 1989) (citations omitted) (per curiam). District courts have inherent power to regulate filings of abusive litigants by imposing carefully tailored restrictions in appropriate circumstances. *See Andrews v. Heaton*, 483 F.3d 1070, 1077 (10th Cir. 2007) (citations omitted). Restrictions on future filings may be imposed where (1) the litigant's lengthy and abusive history is set forth; (2) the court provides guidelines as to what the litigant

may do to obtain permission to file an action; and (3) the litigant receives notice and an opportunity to oppose the court's order before it is implemented.  *Tripati*, 878 F.2d at 353-54.

Based on Defendant's post-judgment filings seeking to challenge the validity of his criminal conviction and sentence in No. 12-CR-00712-JCH outside the limitations imposed by § 2255 and his frivolous motions challenging the undersigned judge's authority to preside in his civil and criminal cases, the Court finds that Defendant has a documented history of abusive filings. This history merits the imposition of filing restrictions.   Therefore, the Court will order Defendant to show cause, within thirty (30) days of the entry of this Order, why he should not be prohibited from submitting any new filings in the United States District Court for the District of New Mexico challenging the validity of his criminal conviction or sentence in No. 12-CR-00712-JCH, other than a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 or a notice of appeal, without the representation of a licensed attorney admitted to practice in the United States District Court for the District of New Mexico unless he obtains permission from the court to proceed pro se.  In order to obtain permission to proceed pro se on a post-judgment motion challenging his conviction or sentence in No. 12-CR-00712-JCH, other than a § 2255 motion or a notice of appeal, Defendant will be directed to take the following steps:

> 1.  File with the Clerk of the Court a motion requesting leave to file a pro se proceeding challenging his conviction or sentence in No. 12-CR-00712-JCH;
>
> 2.   Include in the motion requesting leave to file a pro se proceeding challenging his criminal conviction or sentence in No. 12-CR-00712-JCH a statement of the legal issues to be raised in the pleading and an explanation of why these legal issues fall outside the limitations imposed by § 2255;
>
> 3.  Submit the proposed new pleading to be filed pro se challenging his criminal conviction or sentence in No. 12-CR-00712-JCH.

Any motion requesting leave to file a pro se action that challenges the validity of Defendant's criminal conviction or sentence in No. 12-CR-00712-JCH (other than a § 2255 motion or a notice of appeal) and the proposed new pleading shall be submitted to the Clerk of the Court, who shall file and forward them for review to the sentencing judge, or another judge assigned to the case.  If the motion requesting leave to file a pro se action is denied, the matter will be dismissed.  If the motion requesting leave to file a pro se action is granted, the case will proceed in accordance with the Federal Rules and the Local Rules of the United States District Court for the District of New Mexico.  Any filing submitted by Defendant that does not comply with these restrictions will be returned to Defendant by the Clerk without filing or submission to the Court.

IT IS THEREFORE ORDERED that the Clerk of the Court is directed mark Defendant's Pro-Se Motion To Reverse "Void" Federal Judgment/Conviction To Correct "Manifest Injustice" and/or Plain Error Pursuant to Fed. R. Crim. P. Rule 52(b) [CV Doc. 19; CR Doc. 87] as "FILED IN ERROR" in the civil case (15-CV-00804-JCH-SCY) and to change the docket entry in the criminal case (12-CR-00712-JCH) from "Motion for Reconsideration re 71 Motion to Vacate under 28 U.S.C. 22255" to "Pro-Se Motion To Reverse 'Void' Federal Judgment/Conviction To Correct 'Manifest Injustice' and/or Plain Error Pursuant to Fed. R. Crim. P. Rule 52(b)";

IT IS FURTHER ORDERED that Defendant's Pro-Se Motion To Reverse "Void" Federal Judgment/Conviction To Correct "Manifest Injustice" and/or Plain Error Pursuant to Fed. R. Crim. P. Rule 52(b) [CV Doc. 19; CR Doc. 87] is DISMISSED without prejudice to Defendant's rights to proceed under 28 U.S.C. § 2255, but otherwise is DISMISSED with prejudice;

IT IS FURTHER ORDERED that, within thirty (30) days of the date of this Order, Defendant shall SHOW CAUSE in writing why he should not be prohibited from submitting any new filings in the United States District Court for the District of New Mexico challenging the

validity of his criminal conviction or sentence in No. 12-CR-00712-JCH, other than a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 or a notice of appeal, without the representation of a licensed attorney admitted to practice in the United States District Court for the District of New Mexico unless he obtains permission from the court to proceed pro se by completing the above specified steps.

_____
UNITED STATES DISTRICT JUDGE